Gregory M. Shanfeld, Bar No. 173828
**WADHWANI & SHANFELD, APLC**
15233 Ventura Blvd., Suite 1000
Sherman Oaks, CA 91403
(818) 784-0500 Telephone
(818) 933-4611 Facsimile

Attorney for Debtors,
Greggy & Marie Clare Alonte

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No: 9:24-bk-10833-RC |
| | Chapter 7 |
| **GREGGY & MARIE CLARE ALONTE,** | **MOTION FOR REDEMPTION OF 2021 TESLA MODEL 3 FINANCED THROUGH J.P MORGAN CHASE BANK N.A. UNDER 11 U.S.C. 722; DECLARATION OF GREGGY & MARIE CLARE ALONTE; AND DECLARATION OF DAN HATFIELD IN SUPPORT OF MOTION TO REDEEM** |
| Debtors. | |
| | DATE:    October 22, 2024<br>TIME:    1:00 pm<br>CRTRM:    201<br>PLACE:    1415 State Street,<br>    Santa Barbara, CA 93101 |

**TO THE HONORABLE RONALD A. CLIFFORD III, U.S. BANKRUPTCY JUDGE; JEREMY FAITH (TR), CHAPTER 7 TRUSTEE; JP MORGAN CHASE BANK N.A.; AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** GREGGY & MARIE CLARE ALONTE ("Debtors") in the herein action, by and through their Attorney of Record, Gregory M. Shanfeld, will move this Court pursuant to 11 U.S.C. and Bankruptcy Rule 6008 for a Redemption Order on the following grounds:

1.  The item to be redeemed is tangible personal property intended primarily for personal, family, or household use is more particularly described as follows:

-1-

Year: <u>2021</u>        Make: <u>TESLA</u>        Model: <u>Model 3</u>        VIN: <u>5YJ3E1EA0MF086326</u>

2. The interest of the Debtors in such property is of no value to the bankruptcy estate. Nonetheless, Debtors have asserted a $7,500 motor vehicle exemption (see Debtors' Amended Schedule C). The debt which is secured by said property to the extent of the allowed secured claim of JPMorgan Chase Bank N.A. ("Creditor") is a dischargeable consumer debt. A true and correct copy of the filed Amended Schedule C of Debtors' bankruptcy petition is attached hereto as **Exhibit "1"** and incorporated herein as such.

1.  The market value for a similar vehicle to the subject vehicle, with similar mileage and options, suggests a true market value of $18,863.00. A true and correct copy of the Edmunds Appraisal Report is attached hereto as **Exhibit "2"** and incorporated herein as such. As indicated on Page 2 of "Exhibit 2," the Debtor's vehicle is valued at $18,863.00.

2. Arrangements have been made by the Debtors to have 722 Redemption Funding, Inc., pay the Creditor $21,091.25, which is slightly higher than the attached Edmunds Appraisal Report, should this motion be granted. Included in this arrangement along with the appraisal amount, is a prepaid finance charge in the amount of $35.00; moreover, the Debtors have agreed to borrow and disburse additional funds from 722 Redemption Funding, Inc., in the amount of $700.00 for the representation of the Debtors in securing, for the benefit of the Debtors, an order granting the Debtors' the right to redeem under 11 U.S.C. 722 their subject motor vehicle. Such compensation is in addition to that previously disclosed and is for services rendered beyond the scope of the legal services to have been rendered for such compensation heretofore disclosed. A true and correct copy of the 722 Redemption Approval Letter is attached hereto as **Exhibit "3"** and incorporated herein as such.

///

///

///

///

///

1    **WHEREFORE,** the Debtors request the Court to order the said Creditor to accept from the

2    Debtors the lump sum payment of the redemption value and release their lien of record. In the event

3    the said Creditor objects to this motion, the Debtor requests the Court to determine the value of the

4    property at the time of the hearing on such objection.

5

6

7    Dated: September 12, 2024                                    WADHWANI & SHANFELD, APLC

8                                                                _____

9                                                                Gregory M. Shanfeld
                                                                 Attorney for Debtor

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF GREGGY & MARIE CLARE ALONTE

We, Greggy & Marie Clare Alonte, hereby declare and state as follows

1. We have personal knowledge of the following facts and testify hereto that if called upon as witness, we could and would competently testify thereto in a court of law.

2. We are the debtors in the above-captioned Chapter 7 bankruptcy, Case Number.: 9:24-bk-10833-RC.

3. The subject vehicle is a 2021 Tesla Model 3. The vehicle includes the following equipment: Cruise Control, Theft Deterrent, Power Windows, Power Seats, Power Door Locks, Air Conditioning, Radio and Automatic Drive. At the time of filing the herein Chapter 7 Bankruptcy, the vehicle had on or about 63,100 miles.

4. The subject vehicle is tangible personal property intended primarily for personal, family or household use.

5. The subject vehicle was listed in our bankruptcy petition and has been exempted on our Amended Schedule C of the petition. A true and correct copy of the filed Amended Schedule C of our bankruptcy petition is attached hereto as **Exhibit "1"** and incorporated herein as such.

6. The market value of our 2021 Tesla Model 3 is valued at no more than $18,863.00 as evidenced by the Edmund Appraisal Report. A true and correct copy of the Edmunds Appraisal Report is attached hereto as **Exhibit "2"** and incorporated herein as such.

7. If we were to replace this vehicle, we would pay no more than $18,863.00. This opinion is based on our personal knowledge of the condition and marketability of our particular vehicle.

8. We plan on redeeming our vehicle through the 722 Program, for which we have been approved. We have attached a true and correct copy of the approval letter as **Exhibit "3"**.

We declare under penalty of perjury that the foregoing is true and correct.

Dated: _9/16/2024_

_____          _____

Greggy Alonte                                  Marie Clare Alonte

Greogory M. Shanfeld, Bar No. 173828
**WADHWANI & SHANFELD, APLC**
15233 Ventura Blvd., Suite 1000
Sherman Oaks, CA 91403
(818) 784-0500 Telephone
(818) 933-4611 Facsimile

Attorney for Debtors,
Greggy & Marie Clare Alonte

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No: 9:24-bk-10833-RC |
| | Chapter 7 |
| **GREGGY & MARIE CLARE ALONTE,** | **DELCARATION OF DAN HATFIELD IN SUPPORT OF MOTION TO REDEEM** |
| Debtors. | DATE:   October 22, 2024<br>TIME:   1:00 pm<br>CRTRM:  201<br>PLACE:  1415 State Street,<br>         Santa Barbara, CA 93101 |

I, Dan Hatfield, declare under penalty of perjury that the following is true and accurate;

1.  I work as an automobile evaluator, for 722 Redemption Funding, Inc., which is located at 3700B Park 42 Drive, Suite 150A, Cincinnati, OH 45241.

2.  I have worked as an automobile evaluator, for 722 Redemption Funding, Inc., for nine (9) years.

3.  722 Redemption Funding Inc., evaluates automobiles for purposes of determining if their current retail fair market value is less than what the debtor owes the current lienholder.

4.  In my capacity as an automobile evaluator, I oversee evaluation of automobiles for redemption purposes.

5.  Reconditioning is required for these used automobiles to reach full retail list price.

6. Through my position with 722 Redemption Funding, Inc., I have become an expert in evaluating the retail cost of repair of used automobiles.

7. I have personally reviewed and discussed the 2021 Tesla Model 3, VIN# 5YJ3E1EA0MF086326 at issue in this matter, through a phone conversation with Greggy & Marie Clare Alonte.

8. The retail valuation of the 2021 Tesla Model 3, VIN# 5YJ3E1EA0MF086326 is $18,863.00. Attached hereto and incorporated as Exhibit "3" is my Appraised Valuation report.

Dated: September 16, 2024

Dan Hatfield

# Exhibit "1"

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Greggy Roman Alonte** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | **Marie Clare L. Alonte** |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION |
| Case number | **9:24-bk-10833** |
| (if known) | |

■ Check if this is an
amended filing

# Official Form 106C
# Schedule C: The Property You Claim as Exempt

**4/22**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2121 Tesla 3 63,100 miles**<br>**Encumbered; to be redeemed**<br><br>**Valuation is based on an appraiser provided by 722 Redemption**<br>Line from *Schedule A/B*: **3.1** | $18,863.00 | ■ $7,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(2) |
| **Miscellaneous household goods and furnishings**<br>Line from *Schedule A/B*: **6.1** | $5,000.00 | ■ $5,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| **Miscellaneous electronics**<br>Line from *Schedule A/B*: **7.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| **Personal clothing**<br>Line from *Schedule A/B*: **11.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |

Debtor 1    **Greggy Roman Alonte**
Debtor 2    **Marie Clare L. Alonte**                                    Case number (if known)    **9:24-bk-10833**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own <br><br> Copy the value from *Schedule A/B* | Amount of the exemption you claim <br><br> *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Miscellaneous jewelry** <br> Line from *Schedule A/B*: **12.1** | $3,000.00 | ■   $1,900.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(4) |
| **Miscellaneous jewelry** <br> Line from *Schedule A/B*: **12.1** | $3,000.00 | ■   $1,100.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking (2): BMO** <br> Line from *Schedule A/B*: **17.1** | $1,025.00 | ■   $1,025.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Savings (1): American Express Bank** <br> Line from *Schedule A/B*: **17.2** | $100.00 | ■   $100.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking (1) and Savings (1): Chase Bank** <br> Line from *Schedule A/B*: **17.3** | $40.00 | ■   $40.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking (1) and Savings (1): Alliant Credit Union** <br> Line from *Schedule A/B*: **17.5** | $5.00 | ■   $5.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking (1) and Savings (1): Capital One Bank** <br> Line from *Schedule A/B*: **17.6** | $5.00 | ■   $5.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Brokerage: eTrade** <br> Line from *Schedule A/B*: **17.7** | $5.00 | ■   $5.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Brokerage: Charles Schwab** <br> Line from *Schedule A/B*: **17.8** | $5.00 | ■   $5.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Prepaid Debit Cards (Uber & Lyft): Stride** <br> Line from *Schedule A/B*: **17.9** | $10.00 | ■   $10.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking (1) and Savings (1): Credit Karma** <br> Line from *Schedule A/B*: **17.10** | $160.00 | ■   $160.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |

| Debtor 1 | **Greggy Roman Alonte** | | |
|---|---|---|---|
| Debtor 2 | **Marie Clare L. Alonte** | Case number (if known) | **9:24-bk-10833** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Savings (1): Marcus Bank**<br>Line from *Schedule A/B*: **17.11** | $2,800.00 | ■ $2,800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Brokerage: Acorns**<br>Line from *Schedule A/B*: **17.14** | $15.00 | ■ $15.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **ERISA: Debtor has a mandatory retirement plan through State of California**<br>Line from *Schedule A/B*: **21.1** | $150.00 | ■ $150.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(10)(E) |
| **401(k) Plan: Debtor has a 401(k) plan**<br>Line from *Schedule A/B*: **21.2** | $9,100.00 | ■ $9,100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(10)(E) |
| **401(k) Plan: Codebtor has a 401(k) plan through her employer**<br>Line from *Schedule A/B*: **21.3** | $5,100.00 | ■ $5,100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(10)(E) |

3. **Are you claiming a homestead exemption of more than $189,050?**
(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

■ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐ No

    ☐ Yes

# Exhibit "2"

edmunds

New    Used    Appraise    Reviews

## CarMax is interested in your car

View your Edmunds Appraisal Report to see your car's value ›

| Offer Details | Edmunds Appraisal |
| --- | --- |

## Edmunds Appraisal Report

Your estimated trade-in value:

# $18,863

**Edmunds True Market Value®**
This is not a firm offer. Learn more

VIN: 5YJ3E1EA0MF086326

2021 Tesla Model 3    |    Mileage: 66,303

### Save your appraisal report

Get a copy of your appraisal report and monthly updates on your car's value.

Email †

[ SEND ]

† By clicking Send, I accept the terms of the Edmunds Visitor Agreement. Our collection and use of your personal information.

## Your Edmunds Appraisal Report

As of **August 23, 2024**

We use data from a wide variety of sources to provide you with your Edmunds appraisal report, considering factors such as the car's year, make, model, trim, mileage, depreciation and features. This is not a firm offer on your car.

Edmunds.com, Inc. is a wholly owned subsidiary of CarMax, Inc. To learn more about the relationship between Edmunds and CarMax, see our Visitor Agreement.

( Trade-In )    ( Private Party )    ( Dealer Retail )

Your car's value

| $21,703 | **$22,686** | $23,443 | $23,896 |
| --- | --- | --- | --- |
| Rough ⓘ | **Average** ⓘ | Clean ⓘ | Outstanding ⓘ |

These True Market Value ® prices are Edmunds' estimates of the average prices consumers are currently paying dealers for this vehicle in your area.

**Your car's value**

Average ⌄

| | |
|---|---|
| National Base Price ⓘ | $31,630 |
| Color Adjustment ⓘ | $155 |
| Regional Adjustment ⓘ | $23 |
| Mileage Adjustment ⓘ | -$9,122 |
| Condition Adjustment ⓘ | N/A |
| **Average Condition Value** | **$22,686** |



SEE EDMUNDS PRICING DATA

### Is Now The Right Time To Sell?

Edmunds lets you track your **2021 Tesla Model 3's** value over time so you can decide when to sell or trade in.

[ **See pricing history** ]

# Discover Your Buying Power

Now that you know what your trade-in is worth, find out what you can prequalify for.



Your Trade-in0

This is your trade-in's value today.

**+**



Your Financing Rate

Prequalify on Edmunds. No impact to your credit score.

**=**



Your Buying Power

Your payment will factor in your trade-in's value so you know what you

Minimal or cosmet recondit

afford.

Get Prequalified

*The offer from CarMax is contingent on your providing accurate information on Edmunds.com. CarMax will conduct
an in-person verification of your vehicle and evaluate other vehicle use and history information prior to finalizing the
offer. Any differences between the information you provide about your vehicle and the vehicle's actual condition, use,
and history may impact the offer you receive from CarMax.

## CarMax is interested in your car





## We'd like to see your vehicle

Our online offers are based on recent appraisals of similar cars,
and we have not seen many like yours lately. You can take some
photos of your car and get an offer within the next business day or
just bring your car to your nearest CarMax and we will take a look.

### Ready to get your offer?

 **Take some photos of your car**
Take about 5 minutes and send us some pictures of
your car.

 **Schedule an in-store appraisal**
Schedule a time to come into your nearest CarMax
and we will take a look.

Continue on Carmax.com ☐

## Frequently asked questions

> What is Edmunds True Market Value®?

> What is the difference between an estimated offer and an online offer?

> Do I need to buy a car from CarMax to sell one?

> What do I need to sell my car at CarMax?

> Will the CarMax Offer price change when they see my car?

> How do I get paid for my car?

> Is the CarMax offer a real offer?

> How does CarMax determine my offer?

> Does CarMax buy leased cars?

> What if I owe more on my car than the amount of my offer?

> What is the relationship between Edmunds and CarMax?

> Why should I get an offer with my appraisal?

> Can I negotiate the online offer?

> Will CarMax pick up my vehicle from my home?

> Do I need an appointment to sell my car?

## What Our Customers Are Saying

Join thousands of happy customers who redeemed an offer using Edmunds.

| CarMax | I'm very satisfied with the experience | The best experience I've had | The offer was phenomenal | It was li |
|---|---|---|---|---|
| | ★★★★★  5.0 | ★★★★★  5.0 | ★★★★★  5.0 | ★★★ |
| s and ery tely sell | It was so easy. I wish I had a few extra cars lying around. It was a very easy transaction, very seamless. I'm very satisfied with the experience. | I've been buying and selling cars for 30+ years and this was the best experience I've had buying or selling a car. | I just had a great experience at CarMax... the offer was phenomenal and the process was seamless | Wholly co thing eve informatic you get th It was like |
| | Chris  *Verified Seller* Raleigh, NC 02/08/2022 | Erik  *Verified Seller* Cleveland, OH 08/22/2021 | David  *Verified Seller* Clearwater, FL 07/16/2021 | Kerrie  *Ver Greensbor 07/18/202 |

● ○ ○

Download the Edmunds app




Contact Us

Careers

Your Ad Choices

Privacy Statement

Visitor Agreement

Accessibility

Do Not Sell or Share My Personal Information

Edmunds Information

© Edmunds.com, Inc. Edmunds and the Edmunds logo are trademarks of CarMax. By using Edmunds.com, you consent to
the monitoring and storing of your interactions with the website, including by an Edmunds vendor, for use
in improving and personalizing our services. See our Privacy Statement for details.

Exhibit "3"

| **LOAN DISCLOSURE, NOTE AND SECURITY AGREEMENT**<br><br>Account No: _____<br>Loan Amount: $21,091.25<br>Loan Date: _____ | Gregg Aldercamp and Marie Alercamp<br>589 Grapefruit Ln<br>Fillmore, California 93015<br><br><br>Name / Address of Borrower(s)<br>"You" and "Your" refer to each Borrower<br>above, jointly and severally. | 722 Redemption Funding, Inc.<br>3700B Park 42 Dr., Suite 150A<br>Cincinnati, Ohio 45241<br><br>"We", "us" and "our" refer to the Lender<br>above, its successors and assigns. |

**Federal Truth-In-Lending Disclosure:**

| **ANNUAL PERCENTAGE RATE (APR)** - The cost of your credit as a yearly rate.<br><br>24.087% | **FINANCE CHARGE -** The dollar amount the credit will cost you.<br><br>$11,943.27 | **AMOUNT FINANCED** - The amount of the credit provided to you or on your behalf.<br><br>$21,056.25 | **TOTAL OF PAYMENTS** - The amount you will have paid after you have made all payments as scheduled.<br>$32,999.52 |

| **Your Payment Schedule will be:** | Number of Payments:<br><br>48 | Amount of Payments:<br><br>$687.49 | When Payments are Due:<br>On the _____ day of each month beginning<br>____/____/____ |

| Security: | You are giving a security interest in your automobile or mobile home specifically described below. |
| Late Charge: | You will be charged five percent (5.0%) of the full amount of a scheduled payment or $15.00, which ever is greater, as a late charge on any installment not paid in full within ten (10) days after its due date. |
| Prepayment: | If you pay off this loan early, you will not have to pay an early payment penalty. |
| Note Document: | See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

**Collateral Description:**

| Year | Make | Model | Color | Serial Number |
|------|------|-------|-------|---------------|
| 2021 | TESLA | Model 3 | White | 5YJ3E1EA0MF086326 |

**PROMISE TO PAY:** You, and jointly and severally, promise to pay to our order the amount equal to the PRINCIPAL AMOUNT OF LOAN listed as Item (J) under ITEMIZATION OF AMOUNT FINANCED plus interest on such unpaid balance at the CONTRACT RATE OF INTEREST specified under ITEMIZATION OF AMOUNT FINANCED. The actual Finance Charge will be computed on unpaid principal balances outstanding from time to time, for the time outstanding (in accordance with section 1321.57(C)(1)(a) of Ohio Revised Code), together with such other charges as permitted under O.R.C. 1321.57 and agreed to in this Loan Disclosure, Note, and Security Agreement.

The payment amount of each installment specified above was calculated utilizing the Contract Rate of Interest and Principal Amount of Loan using a regular amortization schedule for the term of this loan. The Contract Rate of Interest and the Annual Percentage Rate may not be equal as a result of the classification as finance charges under Regulation Z of the federal Truth-In-Lending Act of certain charges that would not be so classified under O.R.C. 1321.51 to 1321.60. Similarly, the Amount Financed may not be equal to the Principal Amount of Loan as a result of such classifications.

**COLLATERAL:** To secure repayment of this loan, you grant to us a security interest in: 1) the motor vehicle/personal property listed above, complete with attachments, accessories and equipment including all additions and accessions thereto, replacements and substitutions thereof, whether in whole or in part and whenever acquired, and 2) all proceeds, from insurance or otherwise, arising from any disposition thereof (said security interest hereinafter called "Collateral"). Collateral is intended to secure payment of the indebtedness described above, together with delinquency charges as provided and, in the event of default, amounts actually expended for costs and disbursements incurred in legal proceedings to collect the loan or to realize on any security, to the extent permitted by applicable law.

**FINANCE CHARGE:** The Finance Charge consists of interest, origination and credit investigation charges. The Finance Charge disclosed above is computed on outstanding unpaid principal balances on the basis that installments shall have been paid according to contract. Delinquency will increase the Finance Charge as the contract rate is computed on actual unpaid balances of amount financed for the actual time outstanding.

**APPLICABLE LAW:** The laws of the State of Ohio will govern this note and any agreement securing this note. The federal Truth-In-Lending disclosures on the front page hereof are disclosures only and are not intended to be terms of this agreement unless expressly referred thereto herein. The fact that any part of this note cannot be enforced will not affect the rest of this note. Any change to this note or any agreement securing this note must be in writing and signed by you and us.

**ITEMIZATION OF AMOUNT FINANCED**

Amounts disbursed on your behalf:

| | | |
|---|---|---|
| Attorney Fee Escrow Account | $700.00 | (A) |
| Chase | $20,336.00 | (B) |
| | | (C) |
| Appraisal Fee to:<br>Collateral Valuation Services | $0.00 | (D) |
| Single Interest Insurance Premium to:<br>Valley National Insurance | $0.00 | (E) |
| Service Contract to:<br> | N/A | (F) |
| Lien recording costs, etc. | $20.25 | (G) |
| Loan origination charge* | $25.00 | (H) |
| Credit investigation charge* | $10.00 | ( I ) |

**PRINICIPAL AMOUNT OF LOAN**

| | | |
|---|---|---|
| (Sum of A through I) | $21,091.25 | (J) |
| Prepaid finance charges | $35.00 | (K) |
| **AMOUNT FINANCED** (J minus K) | $21,056.25 | (L) |

*Payable to 722 Redemption Funding, Inc.*

**CONTRACT RATE OF INTEREST**          23.99%

**PREPAYMENT:** You may prepay this loan in whole or in part at any time. If you prepay in part, you must still make each later payment in the original amount as it becomes due until this note is paid in full.

**LENDER'S SINGLE INTEREST INSURANCE**, if written in connection with this loan, may be obtained from any person of your choice that is acceptable to us. If you desire that this insurance be obtained through us, the cost is set forth in the ITEMIZATION OF AMOUNT FINANCED.

**DEFAULT CHARGES AND RETURNED CHECK FEES:** We may collect a default charge (also known as a "Late Charge"). The amount of the Late Charge shall be in accordance with the block indicated above for each full month that any installment is outstanding after the due date of such installment scheduled by the contract. We may collect a Late Charge for one full month for any installment that is past due more than ten (10) days. We may also charge and receive check collection charges not greater than twenty dollars ($20.00) plus any amount passed on from other financial institutions for each check, negotiable order of withdrawal, share draft, or other negotiable instrument returned or dishonored for any reason. Late Charges and returned check fees may be collected at the time they accrue or any time thereafter.

**(Continued on back)**

| **POWER OF ATTORNEY**<br>To facilitate your grant of a security interest in the Collateral, you irrevocably constitute and appoint us to be your attorney-in-fact to perfect our lien with regard to the Collateral and to do such other acts as necessary or convenient thereto. |

By signing below you agree, jointly and severally, to the terms and conditions set forth on the face and reverse of this document and acknowledge receipt of a fully completed copy.

**NOTICE TO BORROWER(S): DO NOT SIGN THIS LOAN DISCLOSURE, NOTE, AND SECURITY AGREEMENT BEFORE YOU READ IT (FRONT AND BACK) OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE DOCUMENT YOU SIGN. THIS LOAN IS MADE UNDER THE AUTHORITY OF O.R.C. 1321.51 TO 1321.60.**

_____          _____
SIGNATURE OF BORROWER                              SIGNATURE OF CO-BORROWER

## ADDITIONAL TERMS AND CONDITIONS
### (Continued from front page)

**USURY:** The interest rate and other charges on this loan will never exceed the highest rate or charge allowed by applicable law for this loan.

**POST-MATURITY INTEREST:** Interest will accrue on the principal balance remaining unpaid after final maturity at the Contract Rate of Interest specified on the front page hereof.  For purposes of this section, final maturity occurs:
(a)   If the note is payable on demand, on the date we make demand for payment;
(b)   If the note is payable on demand with alternative payment date(s), on the date we make demand for payment or on the final alternative payment date, whichever is earlier;
(c)   On the date of the last scheduled payment of principal; or
(d)   On the date we accelerate the due date of this loan (demand immediate payment).

**REAL ESTATE OR RESIDENCE SECURITY:** If this loan is secured by real estate or a residence which is personal property, the existence of a default and our remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of any such separate instrument creating the security interest, by this agreement.

**DEFAULT:** Subject to any limitations in the "REAL ESTATE OR RESIDENCE SECURITY" paragraph above, you will be in default on this loan and any agreement securing this loan if any one or more of the following occurs:
(a)   You fail to make a payment in full when due;
(b)   You die, are declared incompetent, or become insolvent;
(c)   You fail to keep any promise you have made in connection with this loan;
(d)   You make any written statement or provide any financial information that is untrue or inaccurate at the time it is provided;
(e)   The Collateral securing the loan is damaged, destroyed, seized or stolen;
(f)   You fail to provided any additional security we may require; or
(g)   Anything else happens that causes us to believe we will have a difficult time collecting the amount you owe us.

If any of you are in default on this note or any security agreement, we may exercise our remedies against any or all of you.

**REMEDIES:** Subject to any limitation in the "REAL ESTATE OR RESIDENCE SECURITY" paragraph above, if you are in default on this loan or any agreement securing this loan, we may:
(a)   Cause unpaid principal, earned interest and all other agreed charges you owe us under the loan to be immediately due;
(b)   Use the right of set-off as explained below;
(c)   Demand more security or new parties obligated to pay this loan (or both) in return for not suing any other remedy;
(d)   Make a claim for any and all insurance benefits or refunds that may be available on your default;
(e)   Pay taxes or other charges, or purchase any required insurance, if you fail to do these things (but we are not required to do so).  We may add the amount we pay to this loan and accrue interest on that amount at the interest rate disclosed on page 1 until paid in full:
(f)   Require you to gather the Collateral and any related records and make it available to us in a reasonable fashion;
(g)   Take immediate possession of the Collateral, but in doing so we may not breach the peace or unlawfully enter onto your premises.  We may sell, lease or dispose of the Collateral as provided by law.  (If the Collateral includes a manufactured home, we will begin the repossession by giving you an opportunity to cure your default, as required by law.)  We may apply what we receive from the sale of the Collateral to our expenses and then to the debt.  If what we receive from the sale of the Collateral is less than what you owe us, we may take you to court to recover the difference; and
(h)   Use any remedy we have under applicable state or federal law.

You agree that when we must give notice to you of our intended sale or disposition of the Collateral, the notice is reasonable if it is sent to you at your last known address by first class mail 10 days before the intended sale or disposition.  You agree to inform us in writing of any change in your address.

By choosing any one or more of these remedies we do not give up our right to use another remedy later.  By deciding not to use any remedy should you be in default, we do not give up our right to consider the event a default if it happens again.

If any of you are in default on this note or any security agreement, we may exercise our remedies against any or all of you.

**COSTS OF COLLECTION:** You agree to pay us all costs and disbursements to which we may become entitled by law in connection with any suit to collect this loan or any lawful activity to realize on any security after default.  This provision also shall apply if you file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if another files such petition or other claim for relief against you.

**SET-OFF:** You agree that we may set off any amount due and payable under this note against any right you have to receive money from us.  "Right to receive money from us" means:
(a)   Any deposit account balance you have with us;
(b)   Any money owed to you on an item presented to us or in our possession for collection or exchange; and
(c)   Any repurchase agreement or other non-deposit obligation.

"Any amount due and payable under this note" means the total amount of which we are entitled to demand payment under the terms of this note at the time we set off.  This total includes any balance the due date for which we properly accelerate under this note.

If your right to receive money from us is also owned by someone who has not agreed to pay this note, our right of set-off applies to your interest in the obligation and to any other amounts you could withdraw on your sole request or endorsement.  Our right of set-off does not apply to an account or other obligation where your rights arise only in a representative capacity.  It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

We will not be liable for the dishonor of any check when the dishonor occurs because we set off this debt against any of your accounts.  You agree to hold us harmless from any such claims arising as a result of our exercise of our right of set-off.

**OTHER SECURITY:** Any present or future agreement securing any other debt you owe us also will secure the payment of this loan.  Property securing another debt will not secure this loan if such property is your principal dwelling and we fail to provide any required notice of right of rescission.

**OBLIGATIONS INDEPENDENT:** You understand that your obligation to pay this loan is independent of the obligation of any other person who has also agreed to pay it.  We may, without notice, release you or any of you, give up any right we may have against any of you, extend new credit to any of you, or renew or change this note one or more times and for any term, and you will still be obligated to pay this loan.  We may, without notice, fail to perfect our security interest in, impair, or release any security and you will still be obligated to pay this loan.

**WAIVER:** You waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

**PRIVACY:** You agree that from time to time we may receive credit information about you from others, including other lenders and credit reporting agencies.  You agree that we may furnish on a regular basis credit and experience information regarding your loan to others seeking such information.  To the extent permitted by law, you agree that we will not be liable for any claim arising from the use of information provided to us by others or for providing such information to others.

**FINANCIAL STATEMENTS:** You will give us any financial statements or information that we feel is necessary.  All financial statements and information you give us will be correct and complete.

**PURCHASE MONEY LOAN:** If this is a Purchase Money Loan, we may include the name of the seller on the check or draft for this loan.  Purchase Money Loan means any loan the proceeds of which, in whole or in part, are used to acquire any property securing the loan and all extensions, renewals, consolidations and refinancings of such loan.

**SECURED OBLIGATIONS:** This agreement secures this loan (including all extensions, renewals, refinancings and modifications) and any other debt you have with us later.  Collateral described in this agreement will not secure other such debts if we fail to give any required notice of the right of rescission with respect to the Collateral.  Also, this agreement will not secure other debts if this security interest is in household goods and no other debt is a consumer loan.  This agreement will last until it is discharged in writing.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** Unless a co-owner(s) of the Collateral signed a third party agreement, you represent that you own all the Collateral.  You will defend the Collateral against any other claim.  You agree to do whatever we require to perfect our interest and keep our priority.  You will not do anything to harm our position.

You will keep the Collateral in your possession (except if pledged and delivered to us).  You will keep it at your address unless we agree otherwise in writing.

You will not try to sell or transfer the Collateral, or permit the Collateral to become attached to any real estate, without our written consent.  You will pay all taxes and charges on the Collateral as they become due.  You will inform us of any loss or damage to the Collateral.  We have the right of reasonable access in order to inspect the Collateral.  If the Collateral is a motor vehicle, you represent that it is not a vehicle seized pursuant to any federal, state or local forfeiture law.

**INSURANCE:** You agree to buy insurance on the Collateral against the risks and for the amounts we require from a provider reasonably acceptable to us.  You will name us as loss payee on any such policy.  You will keep the insurance until all debts secured by this agreement are paid.  We may require added security on this loan if we agree that insurance proceeds may be used to repair or replace the Collateral.  You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference.

**FILING:** A copy of this agreement may be used as a financing statement when allowed by law.

**ASSUMPTIONS:** This security agreement and any loan it secures cannot be assumed by someone buying the Collateral from you.  This will be true unless we agree in writing to the contrary.  Without such an agreement, if you try to transfer any interest in the Collateral, you will be in default on all obligations that are secured by this security agreement.

The following notice applies only if the proceeds of this loan have been applied in whole or substantial part to the purchase of goods and/or services from a person who, in the ordinary course of business sells goods and/or services to consumers, and Borrower has been referred to the Lender by the Seller, or Lender is affiliated with the Seller by common control, ownership, or business arrangement.
**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF.  RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

(Page 2 of 2)



# Redemption vs. Reaffirmation Savings Analysis

**Date of Valuation:** 08/23/2024
**Debtor(s):** Greggy Alonte
**Vehicle:** 2021 TESLA Model 3 Sedan 4D Standard Range Plus Electric
**Current Lienholder:** Chase

|  | Reaffirmation | Redemption |
|---|---|---|
| Value |  | $20,336.00 |
| Payment | $778.00 | $687.49 |
| Term | 56 | 48 |
| Total | $43,568.00 | $32,999.52 |
| Savings | $10,568.48 | |

**\* Above good faith estimates are inclusive of all fees. Payments may vary based on included legal fees set by individual attorneys. Payments were calculated using a contract rate of 23.99%.**

**\*\* Please call for settlements outside pre-approved range.**

Phone (513) 721-2800  Fax (513) 721-2822 • 3700B Park 42 Dr, Suite 150A • Cincinnati, OH 45241

8/23/2024 12:00:00
AM

**Owner Name:** Greggy Alonte and Marie Alonte

**Prepared As Of:**

**Vehicle Description:** 2021    TESLA    Model 3 Sedan 4D Standard Range Plus Electric

| Year | Make | Model |
|---|---|---|

5YJ3E1EA0MF086326    66,303    White

| | No | Yes | | No | Yes | | No | Yes |
|---|---|---|---|---|---|---|---|---|
| Cruise Control | ☐ | ☒ | Leather Interior | ☐ | ☒ | Radio | ☐ | ☒ |
| Theft Deterrent | ☐ | ☒ | Manual | ☒ | ☐ | Automatic | ☐ | ☒ |
| Power Windows | ☐ | ☒ | Heated Seats | ☐ | ☒ | 4WD/AWD | ☒ | ☐ |
| Power Seats | ☐ | ☒ | Air Conditioning | ☐ | ☒ | 3rd Row Seating | ☒ | ☐ |
| Power Door Locks | ☐ | ☒ | Power Sunroof | ☒ | ☐ | Rear Entertainment | ☒ | ☐ |

Other Items:

| | Good | Fair | Poor | | Good | Fair | Poor |
|---|---|---|---|---|---|---|---|
| Grill | ☐ | ☒ | ☐ | Left Fender | ☐ | ☐ | ☒ |
| Front Bumper | ☐ | ☐ | ☒ | Left Door | ☐ | ☒ | ☐ |
| Hood | ☐ | ☒ | ☐ | Left Quarter Panel | ☐ | ☒ | ☐ |
| Right Fender | ☐ | ☐ | ☒ | Interior | ☐ | ☐ | ☒ |
| Right Door | ☐ | ☒ | ☐ | Engine | ☐ | ☒ | ☐ |
| Right Quarter Panel | ☐ | ☒ | ☐ | Brakes | ☐ | ☐ | ☒ |
| Lights | ☐ | ☒ | ☐ | Paint Finish | ☐ | ☒ | ☐ |
| Rear Bumper | ☐ | ☒ | ☐ | Tires | ☐ | ☒ | ☐ |
| Roof | ☐ | ☒ | ☐ | | | | |

**Comments**    Windshield is chipped and cracked. Front bumper and sides of car are scratched up. Some discoloration among rear bumper. Interior needs cleaning and reconditioning. Needs brakes.

## Valuation Report: Based on Edmunds Retail

| | Value |
|---|---|
| Average Base Value: | $22,686.00 |
| Mileage Class: Average: | |
| Add-ons/Deducts: | |
| Windshield | -$350.00 |
| Scratches | -$800.00 |
| Rear Bumper | -$250.00 |
| Interior | -$500.00 |
| Brakes | -$450.00 |
| **Appraised Value:** | **$20,336.00** |

The above vehicle condition report was prepared for the purpose of making a secured loan on said collateral. By signing below, preparer of report certifies that information regarding collateral was ascertained via visual inspection or provided and collected in good faith from owner or owner's representative. Information as to vehicle's condition has been applied with due diligence in conjunction with current publications by an experienced valuation specialist. No other representations, direct or indirect, material or immaterial, are made, assured or implied by this report of any other member of 722 staff or management.

/s/  Dan Hatfield

Collateral Valuation Services, LLC
P O Box 8361, Cincinnati, Ohio 45208
(513) 284-8539

| Serial Number (VIN) | Mileage | Plate | Color |
|---|---|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**15233 Ventura Blvd., Suite 1000**
**Sherman Oaks, CA 91403**

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Redeem** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>09/16/2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jeremy W. Faith (TR)    Trustee@MarguliesFaithlaw.com, C118@ecfcbis.com;leedowding@gmail.com**
**Gregory M Shanfeld    greg@wslaw.com, wadhwaniandshanfeld@gmail.com;r45815@notify.bestcase.com**
**Amitkumar Sharma    amit.sharma@aisinfo.com**
**United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On <u>09/16/2024</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Greggy & Marie Clare Alonte,** 24119 Meadowbrook Lane, Valencia, CA 91354
**Chase Auto Finance,** Attn: Bankruptcy, 700 Kansas Lane, Monroe, LA 71203

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/16/2024 | Gunvir Batth | /s/ Gunvir Batth |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**